THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNESTO VIBAR,

    Plaintiff,                           CASE NO.

v.

VALENTINE & KEBARTAS, INC.,

    Defendant.
_____/

## VERIFIED COMPLAINT

ERNESTO VIBAR (Plaintiff), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, VALENTINE & KEBARTAS, INC. ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Las Vegas, Nevada.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with its Florida office in Bradenton, Manatee County, Florida.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is contacting and communicating with Plaintiff regarding an alleged consumer debt owed.

11. During the month of September 2011, Defendant began placing collection calls to Plaintiff on a virtual daily basis and often upwards of three (3) to seven (7) calls in a single day.

12. Defendant has been placing its collection calls to Plaintiff's phone of (702) 413-8718.

13. On September 22, 2011, Defendant placed three (3) calls to Plaintiff within approximately fifty (50) minutes.

14. On September 27, 2011, Defendant placed at least seven (7) collection calls to Plaintiff.

15. On the following day, September 28, 2011, Defendant placed at least five (5)

collection calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff.

c) Defendant violated §1692d(5) of the FDCPA by placing constant and continuous collection calls to Plaintiff with the intent to abuse, harass and annoy him.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ERNESTO VIBAR, hereby demands trial by jury in this action.

Respectfully Submitted,

KROHN & MOSS, LTD.
By: /s/ Shireen Hormozdi
Shireen Hormozdi, Esq.
Attorney for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
shormozdi@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ERNESTO VIBAR, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ERNESTO VIBAR hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: OCT. 4, 2011

_____
ERNESTO VIBAR,
Plaintiff